# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-4030-MWB |
| vs. | **ORDER** |
| RYAN MATHISON and ROBERT MATHISON, SR., | |
| Defendants. | |

This matter is before the court on applications filed by Ryan Mathison and Robert Mathison, Sr. for the return of certain vehicles seized by the Government. On April 26, 2006, Ryan Mathison filed an application (Doc. No. 72) for the return of four vehicles that were seized by federal agents in connection with this matter. On May 9, 2006, Robert Mathison filed an application (Doc. No. 85) for the return of a 2004 Cadillac Coupe de Ville, which was seized by federal agents in connection with this action. On May 24, 2006, Robert Mathison filed an amended application for return of the Cadillac (Doc. No. 118). On May 26, 2006, the Government filed a resistance (Doc. No. 123) to Robert Mathison's application. The Government filed a resistance to Ryan Mathison's application on May 31, 2006 (Doc. No. 139), and a supplemental resistance on June 2, 2006 (Doc. Nos. 150). On June 9, 2006, the Government filed a supplemental affidavit with evidence regarding the notice that was given to all interested parties in connection with administrative forfeiture proceedings concerning the seized vehicles. (Doc. No. 167)

The court held a hearing on Robert Mathison's application on May 22, 2006. The hearing was adjourned, and was reconvened on May 30, 2006, in conjunction with a hearing on Ryan Mathison's application. At the hearing on May 30, 2006, Assistant U.S. Attorney Marty McLaughlin appeared on behalf of the plaintiff (the "Government"); Ryan

Mathison appeared with his attorney, Chad Primmer; and Robert Mathison appeared with his attorney, Alexander Esteves.

## *PERTINENT FACTS*

On or about February 22, 2006, the Drug Enforcement Agency seized the 2004 Cadillac from Robert Mathison, and four vehicles from Ryan Mathison, including a 1999 Lincoln Navigator Limousine, a 2003 Hummer H2 Limousine, a 2003 Harley Davidson motorcycle, and a 2002 Lincoln Navigator automobile. The evidence indicates the 2003 Harley Davidson is registered in the name of Melissa Lee Mathison, who is Ryan Mathison's wife. The 2002 Lincoln Navigator is registered to Melissa Mathison *dba* Stereo Town, LLC. The 1999 Lincoln Navigator Limousine is registered in the name of Doug Jervik, who is an employee of Stereo Town, LLC. The 2003 Hummer H2 Limousine is registered in the name of Stereo Town, LLC.

On March 20, 2006, the DEA commenced administrative forfeiture proceedings on all five of the vehicles listed above. The evidence indicates notice of the administrative forfeiture proceedings, and information regarding how to file a claim in those proceedings, was given properly to both of the defendants, as well as to all other interested parties, including the lienholder on the 2004 Cadillac. (*See* Doc. No. 167)[1] In addition, notice was given Robert Sikma. (*Id.*) Mr. Sikma is not an attorney of record for any defendant

---

[1]Although neither defendant claims the DEA's notice of the administrative forfeiture proceedings was defective, the court has jurisdiction "to review whether the notice provided in the administrative forfeiture proceeding afforded the claimant[s] constitutional due process." *Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005) (citations omitted). The court has reviewed the documentation submitted by the Government (*see* Doc. No. 167), and finds the notice given by the DEA in this case was reasonably calculated to apprise all interested parties that an administrative forfeiture proceeding was pending, and to afford them an opportunity to present objections. The court therefore finds the notice was effective and properly given to all interested parties in the administrative forfeiture proceeding. *See id.; Mesa Valderrama v. United States*, 417 F.3d 1189, 1196-97 (11th Cir. 2005).

in this case; however, Ryan Mathison's former attorney had informed agents that Mr. Sikma would be handling the forfeiture matters.

The evidence is undisputed that neither of the defendants filed a timely claim in the civil forfeiture proceeding. On May 30, 2006, having received no timely claim in the administrative forfeiture proceeding, the DEA declared the 2004 Cadillac, the 1999 Lincoln Navigator Limousine, the 2003 Hummer H2 Limousine, and the 2003 Harley Davidson motorcycle forfeited to the United States pursuant to 19 U.S.C. § 1609. On June 2, 2006, the DEA similarly declared the 2002 Lincoln Navigator forfeited. (*Id.*)

The defendants have filed applications in this criminal action for return of the forfeited vehicles. The court notes both the Indictment (Doc. No. 1), filed March 22, 2006, and the Superseding Indictment (Doc. No. 94), filed May 18, 2006, contain a forfeiture allegation as to the four vehicles listed in Ryan Mathison's application for return of property. (*See* Doc. Nos. 1 & 94, Forfeiture Allegation for Count 2) Neither the original Indictment nor the Superseding Indictment contains a forfeiture allegation with regard to the 2004 Cadillac sought by Robert Mathison.

The first question the court must address is whether the defendants' claims are properly before the court in the current proceeding. The Government contends all five of the vehicles in question have been forfeited in the civil administrative proceeding pursuant to proper procedures, and this court does not have jurisdiction over the vehicles. The Government further contends the defendants' claims are procedurally defaulted because the defendants failed to assert timely claims in the context of the civil forfeiture proceedings. Despite the court's request that they do so, neither defendant has filed a brief setting forth the court's authority to hear their motions in the context of this criminal case.

This court does not have jurisdiction to review the merits of an administrative or nonjudicial forfeiture decision. Title 18 United States Code section 983(e) is "the

3

exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). In pertinent part, section 983 provides:

> (1) Any person entitled to written notice in any non-judicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if –
> 
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> 
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). The defendants here have not alleged they failed to receive proper, timely notice of the administrative forfeiture proceeding, nor would such an allegation be successful, given the evidence that proper, timely notice was given to them.

This court's review "'is limited to determining whether the agency followed the proper procedural safeguards'" in forfeiting the vehicles in question. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (quoting *Scarabin v. D.E.A.*, 919 F.2d 337, 338 (5th Cir. 1990); and citing *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000); *Boero v. D.E.A.*, 111 F.3d 301, 304-05 (2d Cir. 1997); *United States v. Deninno*, 103 F.2d 82, 84 (10th Cir. 1996); *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995); *In re Matter of $67,470.00*, 901 F.2d 1540, 1545 (11th Cir. 1990)). The court finds the proper procedural safeguards were followed, and the court lacks jurisdiction to review the merits of the administrative forfeiture of the defendants' vehicles.

Accordingly, the defendants' applications for return of property (Doc. Nos. 72, 85, & 118) are **denied**.

**IT IS SO ORDERED.**

**DATED** this 13th day of June, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT