**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN KEITH MATHISON,<br><br>Defendant. | No. CR06-4030-MWB<br><br>**MEMORANDUM ORDER AND OPINION REGARDING THE DEFENDANT'S POST-TRIAL MOTIONS** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   *A. The Motion For Judgment Of Acquittal* . . . . . . . . . . . . . . . . . . . . . . 3
      *1. Standards applicable to motions for judgment of acquittal* . . . . 3
      *2. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *B. The Motion For New Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      *1. Standards applicable to motions for new trial* . . . . . . . . . . . 7
      *2. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*I. INTRODUCTION AND BACKGROUND*

Defendant Ryan Keith Mathison was charged in a Second Superseding Indictment handed down on June 21, 2006. Count One charged the defendant with engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.

C. § 848(a) and (c). Count Two charged the defendant and others with conspiring to distribute and possess with intent to distribute one thousand kilograms or more of marijuana, cocaine, methamphetamine and anabolic steroids, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Count Three charged the defendant and others with conspiring to launder money, in violation of 18 U.S.C. § 1956(h). Counts Four, Five, Six and Seven charged the defendant with filing false tax returns for the years 2000, 2001, 2002 and 2003, respectively, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i). Trial in this matter commenced on November 6, 2006.[1] Near the end of the trial, after all but one of the government's witnesses had testified,[2] defendant Ryan Mathison voluntary absconded, in violation of his pretrial release. Due to the potential danger of substantial prejudice to the accused caused by the publicity, which not surprisingly ensued, the court polled the jurors individually to see if they were exposed. If an individual juror had been exposed, the court then proceeded to ascertain the extent and effect of the infection. One juror was ultimately excused and replaced with an alternate juror on partiality grounds. The remaining jurors indicated they could decide the case based on the facts introduced at trial and not on the nature of any publicity to which they had been exposed.

On November 15, 2006, with respect to defendant Ryan Mathison, who was still not present, the jury returned a guilty verdict on all counts as alleged in the Second Superseding Indictment. On November 20, 2006, defendant Ryan Mathison timely filed

---

[1] Defendant Ryan Mathison was tried jointly along with two other co-defendants: Robert O. Mathison, Sr., Ryan Mathison's father, and Ronald Mathison, Ryan Mathison's brother.

[2] The government's evidence against defendant Ryan Mathison, on all counts, can only be described as overwhelming. With the exception of cases in which there is an absolute confession to criminal conduct by the accused, the government's evidence in this case was one of the strongest the undersigned has ever had the opportunity to observe.

a Motion for Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, or in the alternative, a Motion for New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Doc. No. 369). In support of his Motion for Judgment of Acquittal, defendant Ryan Mathison contends the evidence produced at trial was insufficient to support a finding of guilt on each and every count. In the alternative, he argues he is entitled to a new trial for two primary reasons. First, he avers the evidence weighs heavily enough against the verdict to indicate a miscarriage of justice has occurred. In addition, he contends a new trial is warranted in the interest of justice because he was unduly prejudiced by the district court's failure to grant a mistrial due to the mid-trial publicity that resulted after the defendant absquatulated. The government has resisted the defendant's post-trial motions (Doc. No. 373). As the post-trial matters are now fully submitted, the court will proceed to address the merits of the parties' respective arguments.

## II. LEGAL ANALYSIS
### A. *The Motion For Judgment Of Acquittal*

As mentioned previously, defendant Ryan Mathison challenges the sufficiency of the evidence to support his convictions on Counts One, Two, Three, Four, Five, Six and Seven. Essentially, he contends the evidence presented at trial was insufficient to permit a reasonable jury to find him guilty beyond a reasonable doubt on the challenged counts.

*1.     Standards applicable to motions for judgment of acquittal*

Rule 29(a) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which *the evidence is insufficient to sustain a conviction.*" *Fed. R. Crim. P.* 29(a) (emphasis added). While Rule 29(a) expressly provides for such a motion before the case

is submitted to the jury, *see id.,* Rule 29(c) provides, in pertinent part, that "[a] defendant may move for judgment of acquittal, or renew such a motion . . . within any . . . time the court sets during the 7-day period" after a guilty verdict or discharge of the jury. *Fed. R. Crim. P.* 29(c)(1). Defendant Ryan Mathison has filed such a timely motion for judgment of acquittal within the allotted time provided for by the rule.

As the Eighth Circuit Court of Appeals has explained, "A motion for a judgment of acquittal should be *denied* where the evidence, viewed in the light most favorable to the government, is such that a reasonable jury could have found each of the essential elements of the crime beyond a reasonable doubt." *United States v. Moyer,* 182 F.3d 1018, 1021 (8th Cir. 1999) (emphasis added) (citing *United States v. Hood,* 51 F.3d 128, 129 (8th Cir. 1995); *United States v. Huntsman,* 959 F.2d 1429, 1436-37 (8th Cir. 1992)). To put it another way, "'[a] motion for judgment of acquittal should only be *granted* where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any essential elements of the crime charged.'" *United States v. Pardue,* 983 F.2d 843, 847 (8th Cir. 1993) (quoting *United States v. Mundt,* 846 F.2d 1157, 1158 (8th Cir. 1988), with citation omitted and emphasis added); *accord United States v. Lopez*, 384 F.3d 937, 943 (8th Cir. 2004) ("'In reviewing a challenge to the sufficiency of the evidence, we may reverse a jury's verdict only where a reasonable fact-finder must have harbored reasonable doubt relating to the government's proof on at least one of the essential elements of the offense.'"), *cert. denied*, *Gonzales-Lara v. United States*, 126 S. Ct. 1078 (2006) (quoting *United States v. Jensen,* 141 F.3d 830, 833 (8th Cir. 1998)). Thus, a jury's verdict must be upheld even where the evidence "'rationally supports two conflicting hypotheses" of guilt and innocence.'" *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006) (quoting *United*

*States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)).[3] The court must "give the jury's verdict the benefit of reasonable inferences gathered from the record." *Lopez,* 384 F.3d at 943. Thus, in either the trial court or the appellate court, the standard is the same:

> [T]he test is whether "a reasonable fact finder could have found guilt beyond a reasonable doubt." *United States v. Garrett,* 948 F.2d 474, 476 (8th Cir. 1991) (citation omitted). Under this standard, the district court has "very limited latitude." *United States v. Jewell,* 893 F.2d 193, 194 (8th Cir. 1990). In deciding a motion for judgment of acquittal, the court can neither weigh the evidence nor assess the credibility of the witnesses. *Burks v. United States,* 437 U.S. 1, 16, 98 S. Ct. 2141, 2150, 57 L. Ed. 2d 1 (1978).

*Pardue*, 983 F.2d at 847. As the Eighth Circuit recently noted, a defendant "'confronts a very high hurdle with this argument, as [a reviewing court] must employ a very strict standard of review on this issue.'" *United States v. Walker*, 393 F.3d 842, 846 (8th Cir.), *cert. denied*, 126 S. Ct. 463 (2005) (quoting *United States v. Cook*, 356 F.3d 913, 917

---

[3] The defendant correctly points out that Eighth Circuit case law has sometimes been described as having "two apparently inharmonious lines . . . regarding the standard to be applied when considering a challenge to the sufficiency of the evidence to sustain a conviction." *See United States v. Schneider*, 157 F. Supp. 2d 1044, 1049-50 (N.D. Iowa 2001). For example, in *United States v. Baker*, 98 F.3d 330, 338 (8th Cir. 1996), the Eighth Circuit held that if the evidence equally supports innocence and guilt, the verdict must be undisturbed. In contrast, in *United States v. Davis*, 103 F.3d 660, 667 (8th Cir. 1996), the court stated that if the evidence equally supports innocence and guilt, a judgment of acquittal must issue. However, although the defendant in this case recognizes the apparent discord that exists between these two lines of cases, the defendant fails to recognize that, recently, the Eighth Circuit reconciled this dichotomy in *United States v. Bolzer*, 367 F.3d 1032, 1035 n.1 (8th Cir. 2004). In *Bolzer*, the court explained: "*Davis* referred only to the *government's* evidence, while *Baker* referred to *all* the evidence, including that presented by the defense." *Id.* (citing *United States v. Flores,* 362 F.3d 1030, 1035 n.1 (8th Cir. 2004)); *see United States v. Water*, 413 F.3d 812, 817 (8th Cir. 2005).

(8th Cir. 2004)). "This narrowly-constricted power of review is in contrast to the district court's broad discretion in ruling upon a motion for new trial." *United States v. Baker*, 367 F.3d 790, 797-98 (8th Cir. 2004).

    *2.    Analysis*

The government's evidence presented at trial against defendant Ryan Mathison, on all of the charged counts, can only be characterized as substantial and overwhelming. During the seven-day trial, the government called 31 witnesses, most of whom testified to their personal drug dealings and transactions with the defendant. This testimony was corroborated by the testimony of other witnesses and co-conspirators, as well as a plethora of documentary evidence including hotel records, phone records and recordings, border crossing records, credit card records, travel records, financial records, receipts and other physical evidence. The direct evidence and the reasonable inferences from that evidence constitute sufficient evidence supporting all of defendant Ryan Mathison's convictions. Although defendant Ryan Mathison argues that the witnesses did not provide reliable testimony, such a conclusion is necessarily one of credibility, a determination that is impermissible for this court to make when considering a Rule 29 motion. As the Eighth Circuit has recently reiterated, in reviewing sufficiency of the evidence claims, a reviewing court must "view the evidence in the light most favorable to the government, with all reasonable inferences and *credibility determinations* made in support of the jury's verdict. *See United States v. Vinton*, 429 F.3d 811, 815 (8th Cir. 2005) (emphasis added) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. McDougal*, 137 F.3d 547, 553 (8th Cir. 1998)). Accordingly, it is without hesitation that this court **denies** defendant Ryan Mathison's Motion for Judgment of Acquittal.

### B. The Motion For New Trial

In the alternative, defendant Ryan Mathison has also moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In his Motion for New Trial, he challenges the weight of the evidence supporting his respective convictions on Counts One, Two, Three, Four, Five, Six and Seven, asserting that the evidence weighs heavily enough against the verdict to indicate a miscarriage of justice has occurred. In addition, he argues a new trial is warranted due to the prejudice that resulted from the mid-trial publicity surrounding his voluntary absence. Because the standards under which these motions are evaluated differ substantially from those applied to motions for judgment of acquittal, the court will begin by setting forth the governing standards, and will then turn to its consideration of the parties' respective arguments.

#### 1. *Standards applicable to motions for new trial*

Rule 33 of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial *if the interest of justice so requires*." Fed. R. Crim. P. 33(a) (emphasis added). Although a new trial may be based on newly discovered evidence, *see Fed. R. Crim. P.* 33(b)(1) (stating the time for filing of a motion for new trial based on "newly discovered evidence"); *see also United States v. Gianakos,* 404 F.3d 1065, 1079 (8th Cir. ) (stating showings required to obtain a new trial based on newly discovered evidence), *cert. denied*, 126 S. Ct. 764 (2005), that is not the only ground. *See, e.g., Fed. R. Crim. P.* 33(b)(2) (stating the time to file a motion for new trial "grounded on any reason other than newly discovered evidence").

"The granting of a new trial under Rule 33 is a remedy to be used only 'sparingly and with caution.'" *United States v. Dodd,* 391 F.3d 930, 934 (8th Cir. 2004) (quoting *United States v. Campos,* 306 F.3d 577, 579 (8th Cir. 2002), in turn quoting *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1980)). Somewhat more specifically,

> The Rule specifies that the remedy should be granted only where "the interest of justice so requires." *Fed. R. Crim. P.* 33. The decision to grant a Rule 33 motion is within the sound discretion of the District Court, and we will reverse only for an abuse of that discretion. *Campos,* 306 F.3d at 579-80. The District Court's discretion is broad in that it may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Id.* at 579. This discretion is abused, however, if the District Court fails to consider a factor that should have been given significant weight, considers and gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering and weighing only proper factors. *Id.* at 580.

*Dodd,* 391 F.3d at 934. "*Unless the district court ultimately determines that a miscarriage of justice will occur,* the jury's verdict must be allowed to stand." *Campos,* 306 F.3d at 579 (emphasis added) (citing *United States v. Lacey,* 219 F.3d 779, 783 (8th Cir. 2000)); *accord Ortega v. United States,* 270 F.3d 540, 547 (8th Cir. 2001) ("A district court may grant a new trial under Rule 33 '"only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred."'") (quoting *Lacey,* 219 F.3d at 783, in turn quoting *United States v. Brown,* 956 F.2d 782, 786 (8th Cir. 1992)). However, "[i]f the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Walker*, 393 F.3d at 847-48. Thus, although the district court's authority should be exercised sparingly, the trial court, nevertheless, has broad discretion in deciding whether a new trial is warranted in the interest of justice. *See id.* at 848. "Absent a 'clear and manifest' abuse of discretion [an appellate court will] uphold the district court's ruling on a motion for new

trial." *Peters*, 462 F.3d at 957 (citing *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).  Having examined the appropriate standards of review applicable to defendant Ryan Mathison's motion, the court now turns to its consideration of his arguments.

  *2.* *Analysis*

As indicated previously, the court's obligation in ruling on a motion for new trial brought on the ground that the verdict is against the weight of the evidence is substantially different than the court's obligation in ruling on a motion for judgment of acquittal.  *See United State v. Ruiz*, 105 F.3d 1492, 1501 (1st Cir. 1997) ("A district court's power to order a new trial is greater than its power to grant a motion for acquittal.").  To resolve a motion for new trial, the court must weigh the evidence and evaluate the credibility of the witnesses to determine if a miscarriage of justice may have occurred.  *See United States v. Davis*, 103 F.3d 660, 668 (8th Cir. 1996).  This court had the opportunity to evaluate the credibility of the witnesses and to otherwise weigh the evidence first hand during defendant Ryan Mathison's seven-day trial, over which this court presided.  After independently reviewing and weighing the evidence presented during the trial anew, the court finds that no grounds for a new trial on these convictions exist because such evidence overwhelmingly weighs in favor of the jury verdict on all counts charged in the Second Superseding Indictment.  In addition to the vast amount of physical and documentary evidence against defendant Ryan Mathison, the testimony elicited by the government from its myriad witnesses was reliable, credible and highly corroborated by both the other witnesses who testified and the physical evidence and exhibits introduced at trial.  Accordingly, defendant Ryan Mathison's Motion for New Trial is **denied** on this ground.

Turning to the second issue raised by defendant Ryan Mathison—the mid-trial publicity—the court is not persuaded by his argument of undue prejudice.  In a recent case, the Eighth Circuit Court of Appeals reaffirmed the framework for federal trial courts to

apply when confronted with such an issue:

> The Eighth Circuit outlined a three-step framework for federal trial courts in our circuit to apply when confronted with the issue of whether mid-trial publicity violates a defendant's Sixth Amendment right to a fair trial by an impartial jury. *See United States v. Hood*, 593 F.2d 293, 296 (8th Cir. 1978). In this circuit, a federal district court must: 1) determine whether the publicity creates a danger of substantial prejudice to the accused; 2) if so, poll the jurors individually to see if they were exposed; and 3) if they were exposed, then ascertain the extent and effect of infection and determine what measure must be taken to protect the rights of the accused.

*Tunstall v. Hopkins*, 306 F.3d 601, 610 (8th Cir. 2002). In the case at bar, the undersigned properly followed this framework upon initially determining that some of the jurors may have been exposed to publicity regarding the defendant Ryan Mathison's flight. First, an individual voir dire of the jurors was conducted in order to determine what publicity, if any, they had been exposed to. If a juror had been exposed, the undersigned proceeded to meticulously examine that juror individually to ascertain if they could decide the case based on the facts introduced at trial and not on the nature of any publicity to which they had been exposed. Additionally, the lawyers for both sides were allowed to fully participate in this inquiry. Although the individual voir dire of the jurors revealed that most of the jurors had either directly or indirectly heard of the news accounts, "it is not required that jurors be totally ignorant of the facts and issues involved." *Irvin v. Dowd*, 366 U.S. 717, 722 (1963). "Mere exposure to publicity about a trial or information about a defendant is not grounds for a new trial." *Frank v. Brookhart*, 877 F.2d 671, 675 (8th Cir. 1989) (citing *Murphy v. Florida*, 421 U.S. 794 (1975)). Only one

of the twelve jurors indicated he could not be fair and impartial after hearing defendant Ryan Mathison had fled. The undersigned promptly excused that juror, and an unbiased alternate was selected as a replacement. The remaining jurors indicated they could disregard the information and decide the case on only the evidence and facts introduced at trial. In light of the foregoing, the court is confident defendant Ryan Mathison was not prejudiced by the news reports and that his Sixth Amendment rights were adequately protected.[4]

---

[4] This framework is essentially an extension of the principles set forth in *Remmer v. United States*, 347 U.S. 227 (1954), where the Supreme Court established a "presumption of prejudice" standard for extraneous contacts with jurors as follows:

> In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish . . . that such contact with the juror was harmless to the defendant.

*Remmer*, 347 U.S. at 229. In this circuit, the Eighth Circuit Court of Appeals has held that "[t]he presumption of prejudice does not apply unless the extrinsic contact relates to 'factual evidence not developed at trial.'" *United States v. Wallingford*, 82 F.3d 278, 281 (8th Cir. 1996). Several circuits, including the Eighth Circuit, have extended the *Remmer* presumption to claims alleging juror exposure to extraneous information, including claims of mid-trial media exposure. *See, e.g., Mayhue v. St. Francis Hosp. of Wichita, Inc.*, 969 F.2d 919, 922 (10th Cir. 1992); *United States v. Perkins*, 748 F.2d 1519, 1533-34 (11th Cir. 1984); *United States v. Hillard*, 701 F.2d 1052, 1064 (2d Cir. 1983); *United States v. Bassler*, 651 F.2d 600, 603 (8th Cir. 1981); *see also United States v. Honken*, 381 F. Supp. 2d 936, 1050 (N.D. Iowa 2005). If the presumption applies, the burden is shifted

(continued…)

This conclusion is bolstered by the fact that the news reports defendant Ryan Mathison takes issue with exposed the jurors to little more than they would have observed during the remainder of the trial—that the defendant was missing.[5] Moreover, the jury's verdict itself serves as further indicia of non-bias on behalf of the jury. This is so, because the jury acquitted Ronald Mathison, a co-defendant in the case who was charged with money laundering. Further, the jury was exacting enough to find Robert Mathison, Sr., another co-defendant, not guilty on one charge of money laundering, but conversely found him guilty on the substantive drug conspiracy count. Such a verdict, in the opinion of this court, could have been rendered only after a meticulous examination of solely the evidence presented at trial and implies that the jury was free from taint due to the mid-trial publicity generated by defendant Ryan Mathison's voluntary absence.

In addition, it is worth noting that defendant Ryan Mathison comes to the court with "unclean hands"[6] in this matter. The mid-trial publicity defendant Ryan Mathison now

---

[4](…continued)
to the government to prove that the intrusion had no effect on the deliberations and verdict. *See United States v. Tucker*, 137 F.3d 1010, 1030 (8th Cir. 1998). Thus, in the case at bar, the district court correctly determined the presumption of prejudice applied to the mid-trial publicity surrounding the defendant's voluntary absence. However, in accord with *Remmer* and its progeny, the court ultimately determined that the intrusion did not affect the jury's deliberations and thereby its verdict after conducting an individual voir dire of the jurors. *See id*.

[5] It was not until sometime after the trial had ended that it became known where the defendant had fled.

[6] The court's reference to "unclean hands," is merely an analogy to the equitable principle that "bars a party who acted inequitably from obtaining equitable relief," *see Wyeth v. Natural Biologics, Inc.*, 395 F.3d 897, 903 (8th Cir. 2005), although the court recognizes that the principle is not directly applicable outside of the equity arena.

challenges was generated solely on account of his own voluntary conduct. Thus, while the court finds no injury to defendant Ryan Mathison or his constitutional rights, if there was any, it was clearly self-inflicted. Had defendant Ryan Mathison wished to avoid such publicity, he easily could have done so. To allow this defendant the windfall of a new trial on these grounds, particularly after the jurors indicated they could remain fair and impartial, would be an insult to the efficacy of the judicial system and would allow defendant Ryan Mathison to benefit from his own misconduct. Such an inexplicable and unjustifiable result is a paradox that this court is simply unwilling to create. Thus, the court find that the "interest of justice" plainly does not require a new trial in Ryan Mathison's case. *See Fed. R. Crim. P.* 33(a) (providing for a new trial "if the interest of justice so requires"); *Campos*, 306 F.3d at 579 (interpreting the "interest of justice" requirement of Rule 33(a) to require a showing of a "miscarriage of justice"). As a result, defendant Ryan Mathison's Motion for New Trial is **denied** in this aspect as well.

### III. CONCLUSION

Viewing the evidence presented by the government in the light most favorable to the government, the court concludes that a reasonable jury could have found defendant Ryan Mathison guilty on Counts One, Two, Three, Four, Five, Six and Seven. Therefore, **defendant Ryan Mathison's Motion for Judgment of Acquittal is denied in its entirety**.

In considering the defendant Ryan Mathison's Motion for New Trial, the court has reviewed the evidence anew and weighed for itself the credibility of the witnesses who testified. Under these standards, the court finds that no miscarriage of justice has occurred. Moreover, the defendant is not entitled to a new trial on the ground that he was unduly prejudiced as a result of the mid-trial publicity that ensued following his voluntary absence. Thus, **defendant Ryan Mathison's Motion for New Trial is also denied.**

13

Accordingly, after reviewing defendant Ryan Mathison's arguments under the appropriate standards, the court **denies his Post-Trial Motions in their entirety** (Doc. No. 369)**.**

**IT IS SO ORDERED.**

**DATED** this 5th day of January, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA